United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL CROWLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00201 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants' Motion to Dismiss (D.E. 42). On August 16, 2024, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 65), recommending that Defendants' motion be granted in part and denied in part. The M&R was served on Plaintiff by FedEx on the date it was issued. D.E. 66.

Objections were due to be filed by September 2, 2024. Fed. R. Civ. P. 72(b)(2) (objections are due 14 days after service); *see also*, Fed. R. Civ. P. 5(b)(2)(C) (service is complete upon mailing), 6(d) (three days are added to the response deadline when a document is served by mail). Defendants did not file any objections. Plaintiff's objections (D.E. 69) were signed and dated after the deadline on September 3, 2024, were placed in an envelope postmarked on September 4, 2024, and were filed as of September 9, 2024. Even applying the prison mailbox rule, which deems a document filed on the date it is

placed in the prison mail system, the objections are not timely. *See, e.g., Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (explaining the basis for the prison mailbox rule). However, the Court considers them on their merits.

The M&R recommends granting Defendants' motion only with respect to one set of claims: "Eighth Amendment deliberate indifference – denial or delay of medical care" claims alleged against Defendants in their individual capacity. D.E. 65, pp. 24-26. Plaintiff states two objections: (1) that his susceptibility to heat is a medical condition and that he was denied treatment; and (2) the record supports his claim of substantial harm resulting from the denial of treatment.

Plaintiff's first objection is based on the argument that he was denied medical care because his right to respite under the prison heat policy is equivalent to treatment for a medical need. The argument is a moot point because the Magistrate Judge recommended retaining a claim against Defendants in their individual capacity for denial of respite care. D.E. 65, pp. 20-24 (addressing "Eighth Amendment deliberate indifference – denial or termination of respite"). There is nothing to be gained by labeling respite care as medical care because it remains an Eighth Amendment deliberate indifference claim.

Moreover, the long list of Defendants against whom such a respite-related deliberate indifference claim may be prosecuted includes the lesser number of Defendants against whom Plaintiff seeks to pursue his medical care claim. So, again, there is nothing to be gained by separately pleading a medical care claim because it does not include any additional Defendants. The first objection is **OVERRULED**.

The second objection is also moot because it addresses only the proof of injury for the claim that is being dismissed as moot, above. Additionally, Plaintiff has not demonstrated error in the Magistrate Judge's analysis. To the extent that Plaintiff complains that his documented medical treatment for symptoms of heat-related illness was delayed, he must be able to show substantial harm. D.E. 65, p. 24. The Magistrate Judge, after review of Plaintiff's medical records, noted that his complaints of heat-related discomfort and pain did not result in any lasting complications. *Id.*, pp. 25-26.

Plaintiff now asserts that "he suffered from 'severe' . . . 'dizzyness, fatigue, difficulty breathing, Rapid heart rate, painful headaches, tightness in Jaw, hallucinations, difficulty sleeping, cramps, and extreme anxiety." D.E. 69, p. 7 (verbatim). Nothing in these assertions or in his medical records supports the conclusion that these symptoms are lasting. And his self-serving conclusory representations are not factual assertions entitled to the presumption of truth. *Giancarlo v. UBS Fin. Servs., Inc.*, 725 F. App'x 278, 282 (5th Cir. 2018) (citing *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). Therefore, Plaintiff has not adequately pled substantial harm for any delay or inadequacy in medical treatment. The second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's

objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the motion to dismiss (D.E. 42) is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** the Rule 12(b)(6) motion to dismiss Plaintiff's Eighth Amendment deliberate indifference claims against Sergeant Martinez, Sergeant Perez, Sergeant Austin, and the unknown corrections officers in their individual capacities for denial or delay of medical care and **DISMISSES** those claims with prejudice. In all other respects, the motion (D.E. 42) is **DENIED**.

**ORDERED** on October 7, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE