United States District Court
Southern District of Texas
**ENTERED**
January 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL CROWLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00201 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff's Ex Parte Request for a Temporary Restraining Order (D.E. 53). On November 22, 2024, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 82), recommending that the request be denied as moot because Plaintiff has been transferred from the facility where he claimed to be experiencing heat-related risks. Plaintiff received the M&R on November 27, 2024. D.E. 84. Plaintiff filed his objections (D.E. 85) on December 16, 2024, and the Court treats them as timely.

Plaintiff acknowledges that his request for a TRO is moot with respect to his claims made against officials employed at the McConnell Unit, which was the subject of his complaint and request. He argues, however, that his claims against Bryan Collier are not moot because Defendant Collier has state-wide authority and the problems Plaintiff experienced at the McConnell Unit will continue and he will "more likely than not" suffer

heat-related risks in his current housing assignment at the Clemens Unit. He makes this claim on the basis of his assessment that the facility is understaffed, without adequate ventilation and respite areas, and situated in an equally hot geographic location where the humidity is even higher. He claims that the statewide policy is inadequate.

Plaintiff does not assert that he has been housed at the Clemens Unit during excessive heat. Therefore, he does not know how the staff will interpret and execute the statewide heat mitigation policy. His suggestion that he will fare no better at the new facility is entirely speculative. He cannot show that the alleged constitutional violations remain ongoing or that he will suffer irreparable injury in the absence of a TRO. The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's ex parte request for a TRO (D.E. 53) is **DENIED**.

**ORDERED** on January 29, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE